IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAWRENCE HICKMAN,<br><br>    Plaintiff,<br><br>  v.<br><br>CITY OF BERKELEY,<br><br>    Defendant.<br>_____/ | No. C -11-04395 EDL<br><br>**ORDER GRANTING PLAINTIFF'S COUNSEL'S MOTION TO WITHDRAW AS COUNSEL** |

On October 25, 2012, Plaintiff's counsel filed a motion to withdraw as counsel for Plaintiff, citing irreconcilable differences with Plaintiff stemming from a difference of opinion on matters pertaining to this case. On October 26, 2012, the Court set a briefing schedule on Plaintiff's counsel's motion, and subsequently granted Plaintiff an additional two weeks until November 21, 2012 to oppose counsel's motion. Plaintiff's counsel filed a reply on December 3, 2012.

According to Civil Local Rule 11-5, "[c]ounsel may not withdraw from an action until relieved by order of Court after written notice has been given reasonably in advance to the client and to all other parties who have appeared in the case." Further, "[w]hen withdrawal by an attorney from an action is not accompanied by simultaneous appearance of substitute counsel or agreement of the party to appear pro se, leave to withdraw may be subject to the condition that papers may continue to be served on counsel for forwarding purposes, unless and until the client appears by other counsel or pro se." Civil L.R. 11-5(b). In this district, the conduct of counsel, including withdrawal of counsel, is governed by the standards of professional conduct required of members of the State Bar of California. See Elan Transdermal Limited v. Cygnus Therapeutic Systems, 809 F.Supp. 1383, 1387 (N.D.Cal.1992). An attorney may permissively withdraw "if the client renders it unreasonably difficult for the member to carry out the employment effectively." See Cal. Rules

Prof. Cond. 3-700(C)(1)(c). The decision to grant or deny an attorney's motion to withdraw as counsel is committed to the sound discretion of the trial court. <u>LaGrand v. Stewart</u>, 133 F.3d 1253, 1269 (9th Cir. 1998).

The Court has carefully reviewed the parties' briefs, and the evidence submitted under seal by Plaintiff's counsel. In general, Plaintiff's counsel has stated in his declaration under seal that the attorney-client relationship has broken down such that his ability to represent Plaintiff has been adversely affected. On October 18, 2012, Plaintiff's counsel informed Plaintiff that he would be withdrawing as counsel. Thereafter, Plaintiff's counsel took reasonable steps to avoid reasonably foreseeable prejudice to Plaintiff's rights pursuant to California Rules of Professional Conduct 3-700(a)(2). In particular, on October 19, 2012, Plaintiff's counsel entered into a stipulation to extend the mediation date and to vacate the pretrial and trial dates. Therefore, aside from the settlement conference in late January 2013, there are no pending dates in this case. In addition, Plaintiff's counsel has demonstrated good cause to grant the motion to withdraw through his reply declaration.

Thus, Plaintiff's counsel's motion to withdraw is granted. However, pursuant to Civil Local Rule 11-5(b), papers may continue to be served on Mr. Candappa solely for the purpose of forwarding those papers to Plaintiff until such time as Plaintiff appears by other counsel.

IT IS SO ORDERED.

Dated: December 6, 2012

ELIZABETH D. LAPORTE
United States Magistrate Judge