1  Zach Cowan, City Attorney, SBN 96372
   Matthew J. Orebic, Deputy City Attorney, SBN 124491
2  Lynne S. Bourgault, Deputy City Attorney, SBN 180416
   BERKELEY CITY ATTORNEY'S OFFICE
3  2180 Milvia Street, Fourth Floor
   Berkeley, CA 94704
4  Telephone:  (510) 981-6998
   Facsimile:  (510) 981-6960
5  Email:  morebic@ci.berkeley.ca.us

6  Attorneys for Defendant OFFICER ELIZABETH BASHAN

7

8

9               UNITED STATES DISTRICT COURT

10              NORTHERN DISTRICT OF CALIFORNIA

11

| 12 | LAWRENCE HICKMAN | No.  C 11-04395 EDL |
|---|---|---|
| 13 | Plaintiff, | DEFENDANT'S MOTION IN LIMINE NO. 3: |
| 14 | v. | |
| 15 | OFFICER ELIZABETH BASHAN, | TO EXCLUDE EVIDENCE REGARDING AN ALLEGED CONSPIRACY AGAINST PLAINTIFF |
| 16 | Defendant. | |
| 17 | | Date:   October 1, 2013<br>Time:   2:00 p.m.<br>Ctrm:   E, 15th Floor |
| 18 | | Judge:  Hon. Elizabeth D. Laporte |

19

20     Defendant Officer Elizabeth Bashan requests that the Court issue an order prohibiting

21  plaintiff Lawrence Hickman from eliciting any evidence (either through testimony or

22  documents), that Berkeley Drug Task Force ("DTF") officers, including Officer Bashan,

23  engaged in a conspiracy against him.

24     The Court dismissed plaintiff's Fourth Amendment conspiracy claim when it granted

25  partial summary judgment.  11/1/12 Order at 14:15.  Therefore, evidence that defendant and

26  other officers may have discussed plaintiff on occasions, other than the day of his arrest, is

27  irrelevant to plaintiff's remaining claims that he was allegedly unlawfully arrested and falsely

28  prosecuted. Similarly, plaintiff's allegation that Officer Salas threatened plaintiff upon his

1  release from jail after his September 4, 2009 arrest, stating that plaintiff should "watch and see
2  what happens" is irrelevant given that his conspiracy claim has been dismissed.
3       Such evidence should also be excluded under Fed. Rule of Evidence 403 because it is
4  unduly prejudicial and would tend to inflame the passions of the jury by use of the term
5  "conspiracy."

**BRIEF BACKGROUND**

On November 1, 2012, the Court issued an Order granting defendants' motion for partial summary judgment.  The Order dismissed plaintiff's claim that the defendant Berkeley police officers conspired to violate plaintiff's Fourth Amendment rights.  Notwithstanding this Order, pleadings filed by plaintiff after the Order was entered indicate that plaintiff continues to believe that this case includes a conspiracy claim. Officer Bashan therefore anticipates that plaintiff will attempt to introduce testimony regarding discussions between Officer Bashan and/or other DTF officers about plaintiff, and about an alleged threat by Officer Salas after plaintiff was arrested, as evidence there was a conspiracy to arrest and prosecute plaintiff.

The Court's Order granting partial summary judgment and dismissing plaintiff's Fourth Amendment conspiracy claim is clear: "there is no evidence that the officers discussed arresting him [plaintiff] or agreed in advance to falsely arrest Plaintiff.  Therefore, Plaintiff's conspiracy claim fails."  Order 11/1/12 at 14:15 – 17. Given that plaintiff's conspiracy claim has been dismissed, the Court should prohibit plaintiff from introducing evidence or testimony that the officers "conspired" or targeted him for arrest and prosecution.

**ARGUMENT**

**I.     Evidence Regarding an Alleged Conspiracy is Irrelevant**

Evidence which is not relevant is not admissible.  Fed. Rule Evid. 402.  Relevant evidence is "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed. Rule Evid. 401; *United States v. Boulware*, 384 F.3d 794, 805 (9th

1  Cir. 2004) (evidence must have a tendency to prove a fact in issue). Given that plaintiff's
2  conspiracy claim was dismissed when the Court granted the City's motion for partial summary
3  judgment, evidence regarding an alleged conspiracy is not relevant.

### II.     Evidence Regarding an Alleged Conspiracy Should Be Excluded Pursuant to Rule 403

Evidence may be excluded where its probative value is substantially outweighed by risks of unfair prejudice, confusion of issues, or waste of time. Fed. Rule Evid. 403; *Obrey v. Johnson*, 400 F.3d 691, 698 (9th Cir. 2005). Evidence is unfairly prejudicial when it "tends to suggest a decision on an improper basis" or is likely to "inflame the passions" of a jury against the party against whom it is offered. *United States v. Layton*, 767 F.2d 549, 556 (9th Cir. 1985); *United States v. Winkle*, 477 F.3d 407, 417 (6th Cir. 2007). Evidence that "may confuse the issues" or "mislead the jury" may be excluded under Rule 403. *In re Hanford Nuclear Reservation Litig.*, 534 F. 3d 986, 1016 (9th Cir. 2008). Evidence is "confusing" or "misleading" when its presentation would lead to litigation of collateral issues, "thereby creating a side issue that would distract the jury from the main issues." *Duran v. City of Maywood*, 221 F.3d 1127, 1133 (9th Cir. 2000).

If plaintiff testifies, or attempts to elicit testimony by other witnesses, that Officer Bashan "conspired" with other officers, or that the Berkeley officers "agreed" that they would target plaintiff for arrest and/or prosecution, jurors could be confused that this case includes a claim for conspiracy. Similarly, juror passions could be inflamed by plaintiff's use of the term "conspiracy." Testimony or evidence regarding discussions that defendant and/or other Berkeley police officers may have had about plaintiff, and his proclivity for appearing at Officer Bashan's detentions of third parties, would require litigation of collateral issues, now that the conspiracy claim has been dismissed. Plaintiff's testimony that Officer Salas threatened him would also be unduly prejudicial to Officer Bashan.

### CONCLUSION

For all of the foregoing reasons, Officer Bashan requests the Court issue an Order prohibiting plaintiff from introducing testimony or other evidence that (a) Officer Bashan and/or

1 | other Berkeley police officers conspired to falsely arrest and seek the criminal prosecution of
2 | plaintiff, and (b) Officer Salas allegedly threatened him after his arrest.

Dated:  September 11, 2013

Respectfully submitted:

ZACH COWAN, City Attorney
MATTHEW J. OREBIC, Deputy City Attorney
LYNNE S. BOURGAULT, Deputy City Attorney


By:  _____/s/_____
    LYNNE S. BOURGAULT
    Attorneys for Defendant OFFICER ELIZABETH BASHAN