IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAWRENCE HICKMAN, | No. C -11-04395 EDL (MEJ) |
| Plaintiff, | **ORDER DENYING PLAINTIFF'S REQUEST TO FILE SECOND AMENDED COMPLAINT** |
| v. | |
| CITY OF BERKELEY, | |
| Defendant. / | |

On March 28, 2014, Plaintiff filed a Motion to Stay Arbitration Pending Ruling on Second Amended Complaint, along with a Second Amended Complaint.  The Court does not require any further briefing or a hearing on Plaintiff's filing, which the Court construes as a Motion for Leave to File a Second Amended Complaint and to amend the court-ordered case management schedule.  For the reasons set forth below, the Court denies Plaintiff's request to file a Second Amended Complaint.

Although leave to amend "shall be freely given when justice so requires," Fed.R.Civ.P. 15(a), it "is not to be granted automatically." Jackson v. Bank of Hawaii, 902 F.2d 1385, 1387 (9th Cir. 1990).  A district court may deny a motion for leave to amend if permitting an amendment would, among other things, cause an undue delay in the litigation or prejudice the opposing party. See id.  Further, amending the schedule set at the case management conference requires good cause. See Docket No. 20, Case Management Scheduling Order, ¶ 2(a).

Here, discovery closed more than eighteen months ago, on August 17, 2012, although the parties agreed to extend that date to September 14, 2012 solely for the purposes of deposing one witness.  The Court ruled on summary judgment in an Order dated November 1, 2012.  This matter was set for trial on several occasions, most recently on November 18, 2013.  Although there is no

trial date currently set in this case, amendment of the complaint at this very late stage of the case would cause undue delay in a case that is already several years old, and require reopening discovery. Plaintiff has not shown good cause for the delay. Further, the parties have agreed in a stipulated order to settle this matter through binding arbitration, so amendment of the complaint would also unnecessarily delay that agreed-upon process. In addition, Defendant would be prejudiced by the amendment because Plaintiff seeks to add new claims against new defendants after the Court has dismissed all but one of the original defendants in this case. Discovery, which has long since closed, would have to be fully reopened to address Plaintiff's new claims. Therefore, because amendment would cause undue delay and would prejudice Defendant, leave to amend the complaint is denied. This matter is referred to Magistrate Judge Maria-Elena James for further settlement proceedings.

**IT IS SO ORDERED.**

Dated: April 11, 2014

ELIZABETH D. LAPORTE
United States Chief Magistrate Judge