UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAWRENCE HICKMAN,<br>Plaintiff,<br>v.<br>OFFICER BASHAN<br>Defendants. | Case No. 11-cv-04395-EDL<br><br>**ORDER TO SHOW CAUSE** |

Plaintiff filed this action on September 2, 2011. Following the Court's ruling on summary judgment on November 1, 2012, the Court granted Plaintiff's counsel's motion to withdraw on December 6, 2012. On August 30, 2013 and September 18, 2013, the parties participated in settlement conferences with Magistrate Judge Maria-Elena James. On September 18, 2013, the parties resolved this case by stipulating to binding arbitration. Docket No. 151. After that date, the Court's ADR Department communicated with the parties in an attempt to appoint an arbitrator, but no arbitrator was assigned.

Because the procedure selected by the parties to choose an arbitrator was not in conformance with the Local Rules and could not be administered by the ADR Department, on February 20, 2014, the Court issued an order setting forth a selection procedure based on the parties' stipulated procedure, and required the parties to submit a ranked list of arbitrators no later than March 5, 2014. Docket No. 161. Thereafter, Defendant objected to three potential arbitrators, and the Court issued an Order permitting Plaintiff time to respond to Defendant's objections. Docket No. 164. Plaintiff did not object to the procedure, but instead argued that Defendant's objections should be overruled and that the entire panel should remain eligible as the Court had ordered. Docket No. 165. Subsequently, the Court referred the matter to Magistrate Judge Maria-Elena James for a hearing on the enforcement of the settlement reached by the parties

in September 2013.  Docket No. 166.

Before the further settlement conference, Plaintiff filed a motion to amend the complaint and a motion to stay, which the Court denied on September 24, 2014.  Docket No. 177.  The further settlement conference was vacated just prior to the filing of the Court's Order.  Docket No. 176.  The Court set a status conference for October 14, 2014.  At the status conference, Defendant withdrew her objections to the potential arbitrators and stated that she was prepared to proceed with arbitration.  Although Plaintiff informed the Court that he no longer wished to participate in the arbitration process, he had previously agreed to do so in a binding stipulation that was adopted as a court order, which he was not free to disregard.

On October 20, 2014, the Court issued an order requiring the parties to comply with the arbitrator selection process set forth in the February 20, 2014 Order.  Docket No. 186.  The Court ordered the parties to submit a ranked list of arbitrators no later than November 4, 2014.

On November 3, 2014, Defendant filed a Notice of Inability to Comply with the Court's October 20, 2014 Order in which counsel stated that she made several attempts to engage Plaintiff in the arbitrator selection process.  Docket No. 187.  According to counsel, Plaintiff stated in a phone call that he objected to the selection process and would be filing an objection, and that he declined to begin the selection process.  Bourgault Decl. ¶ 6.

Accordingly, Plaintiff is ordered to show cause as to why this case should not be dismissed for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).  Plaintiff's response to this Order to Show Cause shall be due no later than November 18, 2014.  It is further ordered that if Plaintiff fails to file a response to this Order to Show Cause by November 18, 2014, the Court will dismiss this action for failure to prosecute, failure to comply with his binding stipulation to arbitrate and failure to comply with court orders.

**IT IS SO ORDERED**.

Dated: November 4, 2014

ELIZABETH D. LAPORTE
United States Magistrate Judge

2