UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAWRENCE HICKMAN,<br>　　　　　Plaintiff,<br>　　v.<br>OFFICER ELIZABETH BASHAN,<br>　　　　　Defendant. | Case No. 11-cv-04395-EDL<br><br>**ORDER DISMISSING CASE** |

The history of this case is set forth in several prior orders, including the Court's October 20, 2014 and November 4, 2014 Orders, and will not be repeated in full here. Briefly, on September 18, 2013, the parties entered into a stipulation and order agreeing to resolve this matter through binding arbitration. Docket No. 152. On February 20, 2014, the Court issued an Order setting forth the process to be used to select the single arbitrator. Docket No. 161. Thereafter, following additional proceedings, including settlement discussions and a status conference, the Court issued an Order on October 20, 2014 requiring the parties to comply with the arbitrator selection process set forth in the February 20, 2014 Order. Docket No. 186. The Court ordered the parties to submit a ranked list of arbitrators no later than November 4, 2014. Id. On November 3, 2014, Defendant filed a Notice of Inability to Comply with the Court's October 20, 2014 Order in which counsel stated that she had made several attempts to engage Plaintiff in the arbitrator selection process. Docket No. 187. According to counsel, Plaintiff stated in a phone call that he objected to the selection process and would be filing a formal objection, and that he declined to begin the selection process. Bourgault Decl. ¶ 6.

On November 4, 2014, the Court issued an Order to Show Cause regarding Plaintiff's failure to participate in the arbitrator selection process as ordered on October 20, 2014. On

November 4, 2014, Plaintiff filed an Objection to Arbitration Order. The Court issued an order requiring Defendant to respond to Plaintiff's Objection in advance of Plaintiff's response to the Order to Show Cause. Defendant timely filed its response to the Objection. Plaintiff timely responded to the OSC.[1] For the reasons stated in this Order, Plaintiff's case is dismissed for failure to prosecute, failure to comply with his binding stipulation to arbitrate and failure to comply with Court Orders.

Plaintiff raises several issues in his Objection and Response to the Order to Show Cause, but none of them excuse Plaintiff's failures. First, Plaintiff argues that because arbitration is in the nature of a contract, the Court should vacate its orders enforcing the parties' agreement to arbitrate because there was no meeting of the minds as to material terms of the agreement. However, the cases that Plaintiff cites regarding the Federal Arbitration Act are inapposite because they address the scope of written arbitration clauses in contracts, which is not the issue here.[2] See, e.g., AT&T Techs., v. Communication Workers, 475 U.S. 643 (1986); Dean Witter Reynolds v. Byrd, 470

---

[1] Plaintiff also submitted a declaration addressing the testimony of a percipient witness to the incident at issue in this case with his response. Defendant objected to the declaration. Defendant's objections are sustained. This declaration is irrelevant to the issues raised by the Order to Show Cause, that is, Plaintiff's failure to comply with the parties' settlement agreement and other court orders.

[2] In particular, Plaintiff cites language from the Federal Arbitration Act that: "If in the agreement provision be made for a method of naming or appointing an arbitrator or arbitrators or an umpire, such method shall be followed." 9 U.S.C. § 5. However, full statute states:

> [i]f in the agreement provision be made for a method of naming or appointing an arbitrator or arbitrators or an umpire, such method shall be followed; but if no method be provided therein, or if a method be provided and any party thereto shall fail to avail himself of such method, or if for any other reason there shall be a lapse in the naming of an arbitrator or arbitrators or umpire, or in the filling of a vacancy, then upon application of either party to the controversy the court shall designate and appoint an arbitrator or arbitrators or umpire as the case may require.

9 U.S.C. § 5. Even if this language applied to the settlement agreement signed in this case, as opposed to an arbitration clause in a contract governed by the Federal Arbitration Act, the Court would have the authority to name an arbitrator if "for any other reason there shall be a lapse in the naming of an arbitrator. . . ."

U.S. 213 (1985).

Plaintiff states that he believed that the arbitration panel would be made up of three arbitrators, and that he was assured by the settlement judge, Judge James, during the parties' settlement conference that there would be three. However, under the Court's ADR Local Rules, discussions at the settlement conference are confidential and may not be cited to the Court. ADR L.R. 7-5(a). Therefore, the Court disregards any representations by Plaintiff -- in direct violation of the Court's rule -- as to what Judge James allegedly said during the settlement discussions. Defendant states that it believed that there would be one arbitrator. In any event, the parties' written agreement controls. There is no mention of three arbitrators in any non-confidential document from the settlement conference, and there is no ADR local rule about selecting a three arbitrator panel. The parties' settlement agreement refers to selecting the historical process for choosing an ENE evaluator, and ENE evaluations are only conducted by one individual. Plaintiff's alleged unilateral mistake as to this term of the settlement agreement does not suffice to invalidate the agreement. In general, and except for reasons not relevant here, a mistake must be mutual to invalidate an agreement. Schiff v. City & County of San Francisco, 2007 WL 2301773, at * 11 (Aug. 8, 2007) (citing Merced County Mut. Fire Ins. Co. v. California, 233 Cal.App.3d 765, 771 (1991) ("Under California law, '[w]hen contracting parties have entered into a contract under a material mistake of law or fact, the parties are entitled to be relieved by reason of their mutual mistake.'")).

Second, Plaintiff argues that the Court's ADR Department stated that the selection process agreed to by the parties was beyond the scope and authority of the Department. Docket No. 156. However, the ADR Department's notice does not state that it lacks authority to facilitate an arbitrator selection process, but only states that the parties' agreed process did "not comport with the current procedures under the ADR Local Rules." Id. at 1. Further, the Court has ordered an arbitrator selection process that does comport with the ADR Department's current procedures, as well as the language of the parties' stipulation and order regarding settlement.

Third, Plaintiff argues that he believed that issues of racial profiling would be part of the arbitration. However, the Court has repeatedly denied Plaintiff's request to amend the complaint

to add claims of racial profiling, and there has been no showing (absent inadmissible statements by Plaintiff regarding what allegedly occurred at the settlement conference, in violation of ADR Local Rule 7-5(a)), that Plaintiff only agreed to arbitration on the condition that the racial profiling claims became part of this case.  Moreover, Plaintiff's allegations of racial profiling were not part of the case when the parties reached a settlement and neither the parties nor the Court added racial profiling to the case as part of the parties' Stipulation and Order Regarding Binding Arbitration.

Plaintiff has failed to comply with court orders enforcing the parties' settlement agreement and has not shown good cause why this case should not be dismissed for failure to prosecute, failure to comply with his binding stipulation to arbitrate and failure to comply with court orders.  Accordingly, Plaintiff's case is dismissed.

**IT IS SO ORDERED.**

Dated:  November 21, 2014

_____
ELIZABETH D. LAPORTE
United States Magistrate Judge